UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ABRAHM IM,

                 Plaintiff,

       - against -

ANDRES E. GOMEZ-CASTILLO and
BIG APPLE DISTRIBUTION CORP.,

                 Defendants.

--------------------------------------------------------X

**MEMORANDUM & OPINION**

Case No. 15 CV 6957 (PKC) (MDG)

PAMELA K. CHEN, United States District Judge:

On December 7, 2015, Defendants Andres E. Gomez-Castillo ("Gomez-Castillo") and Big Apple Distribution Corp. ("Big Apple") (collectively, "Defendants") filed a notice removing this action from the Supreme Court of the State of New York, Queens County to this Court. (Dkt. 1.) Defendants subsequently filed an amended notice of removal on December 22, 2015 attaching the State court verified complaint. (Dkt. 5 (the "Amended Notice" or "Am. Notice").) On December 23, 2015, the Honorable Marilyn D. Go ordered Defendants to show cause by January 8, 2016, as to why this action should not be remanded for failure to clearly allege that the action meets the threshold amount in controversy required to invoke this Court's diversity jurisdiction. (Dkt. 7.) The Defendants now request an extension of time to show cause pending discovery responses from Plaintiff. (Dkt. 10.) For the reasons set forth below, the request for an extension of time to show cause is DENIED, and this case is *sua sponte* REMANDED to State court.

## I.    BACKGROUND

The Complaint in this matter, originally filed in State court, alleges that Defendant Gomez-Castillo is employed by Big Apple.  (Dkt. 5 at 7−11 ("Complaint" or "Compl.") ¶ 15.)[1] On April 17, 2015, in the course of his employment, Gomez-Castillo allegedly operated a vehicle that negligently struck the motor vehicle driven by Plaintiff Abrahm Im ("Plaintiff"), resulting in serious injuries to Plaintiff.  (*Id.* ¶¶15−21, 24−25.)

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C.§ 1332 as the basis for federal subject matter jurisdiction.  (Am. Notice ¶ 3.)  The Amended Notice alleges that Defendants both are citizens of New Jersey, while Plaintiff is a citizen of New York.  (*Id.* ¶ 4.) With respect to the amount in controversy, the Amended Notice indicates that Plaintiff seeks damages in an amount that "allegedly exceeds . . . the sum or value of $150,000." (*Id..*)  Yet the Complaint alleges only that Plaintiff's "vehicle was damaged in the amount totaling approximately $15,000.00" (Compl. ¶ 31) and that Plaintiff "has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" (*id.* ¶ 29).  Thus far, Plaintiff has not filed a motion for remand.

## II.    DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to State court *sua sponte*, absent a motion from Plaintiff.  The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Id.*  The Second Circuit has

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that "the amount in controversy allegedly exceeds . . . the sum or value of $150,000" (Am. Notice ¶ 7) without providing any factual allegations to support this amount. As Defendants acknowledge, "Plaintiff has not yet defined the damages [he is] alleging other than to state Plaintiff 'has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.'" (Dkt. 10 (quoting Compl. ¶ 29); *see also* Compl. ¶ 31 (alleging that Plaintiff's "vehicle was damaged in the amount totaling approximately $15,000.00").) The Complaint's

mention of the "lower courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Massachusetts Mut.*, 08 CV 0949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on ad damnum clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 624 N.Y.S.2d 225 (N.Y. App. Div. 1995); *see id.* at *2 n.3 (collecting cases). Furthermore, neither the Complaint nor the Amended Notice contains any further information specifying the nature and extent of Plaintiff's injuries, or the treatment he has received, that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. Accordingly, the Court finds that Defendants' allegations in the Amended Notice are insufficient to support the exercise of federal subject matter jurisdiction. Therefore, remand to State court is proper. *See id.*

The Court also denies Defendants' request for an extension of time to respond to Judge Go's show cause order. (Dkt. 10.) Defendants seek the additional time in order to conduct discovery regarding the amount of damages sought by Plaintiff so that Defendants can allege the jurisdictional amount required by 28 U.S.C. § 1332. However, that discovery should have been conducted *prior* to Defendants' removal of this action. *See Lupo*, 28 F.3d at 273−74; *see also Moltner v. Starbucks Coffee Co.*, 624 F. 3d 34, 35, 37 (2d Cir. 2010) (affirming that 30−day window for removing State court case was not triggered until defendant received "the first document from which all of the facts giving rise to removability were evident", which, in this case, was the "first paper stating on its face the amount of damages sought").

**III.    CONCLUSION**

For the foregoing reasons, Defendants' request for an extension of time to show cause [Dkt. 10] is DENIED and this case is REMANDED to New York State Supreme Court, Queens County, under Index No. 711594/15, for lack of federal subject matter jurisdiction.


SO ORDERED.


/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: January 7, 2016
       Brooklyn, New York